UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Karin Kramer, On Point Acupuncture & Wellness Inc.,
185 Devonshire St. Ste. 201 LLC

_____

Write the full name of each plaintiff.

**18 CV 04848**

_____CV_____

(Include case number if one has been assigned)

-against-

Nat'l Fire Ins Co of Hartford
333 S. WABASH
CHICAGO, IL. 60604

_____

_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☑ No

JUDGE KARAS

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑   **Federal Question**

☑   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?
insurers breach of contract for a duty to defend and investigate an identity theft claimed

assault and battery as a Hate crime, bodily injury

Crime victim collections for medical bills and attempt to take property-foreclosure

business intellectual property theft

*[handwritten:]* SBA loan default third party Collections Request ~~from~~ to insurer as a loss payee listed on the policy. Amt. is over $300,000

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _business 185 Devonshire St. Ste. 201 LLC_ , is a citizen of the State of
(Plaintiff's name)

Massachusetts

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, __Nat'l Fire Ins Co of Hartford_____, is a citizen of the State of
          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, __Nat'l Fire Ins Co of Hartford_____, is incorporated under the laws of
the State of __Illinois_____

and has its principal place of business in the State of __Illinois_____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| Karin | | Kramer |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 1822 Crescent Dr. | | |
|---|---|---|
| Street Address | | |

| Tarrytown | NY | 10591 |
|---|---|---|
| County, City | State | Zip Code |

| 6462623544 | kkramer@onpointacupuncturewellness.com |
|---|---|
| Telephone Number | Email Address (if available) |

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| Nat'l Fire Ins Co of | Hartford | |
|---|---|---|
| First Name | Last Name | |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| 333 Wabash St. | Chicago, IL | 60604 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name |
|---|---|

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name |
|---|---|

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| County, City | State | Zip Code |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK- Westchester County


KARIN KRAMER, ON POINT ACUPUNCTURE & WELLNESS INC and 185
DEVONSHIRE ST. STE. 201 LLC

        Plaintiff,

v.

Nat'l Fire Ins Co of Hartford

333 S. WABASH  CHICAGO, IL. 60604


        Defendants.

Now before the Court is the motion for summary judgment or, in the alternative,
for summary adjudication filed by Plaintiff Karin Kramer, On Point Acupuncture
& Wellness Inc.. and 185 Devonshire St. Ste. 201 LLC.   Karin Kramer, On Point
Acupuncture & Wellness Inc., 185 Devonshire St. Ste. 201 LLC moves for
summary judgment on its first cause of action for declaratory relief as to the duty
to defend, its second cause of action for declaratory relief as to the duty to
indemnify, and its third cause of action that the insurer has waived its rights due to
breach of contract in bad faith address future claims to collect the losses beyond
policy limits and damages allowed for breach and tort interference.  The attorney
will decide this.


The insurer intentionally has attempted to avoid addressing issues which would be
presented by the inclusion of others affected by the litigation. With respect to the
injured person in the underlying tort action, the insurer seeks to deprive him of
access to the liability insurance coverage of the tort-feasor, without allowing him
to be heard.
The insurer fails to meet the burden of providing a legally sufficient explanation as
to denying "duty to defend" coverage, the insurer waives any right to rely on
policy exclusions and it's egregious and prejudice as to the coverage that is
afforded to the insured should exclude the insurer from subrogation.  The insurer's
failure to assert these provisions may be held to have been waived if it refuses to
defend the action.

The plaintiff's are the insured as 185 Devonshire St. Ste. 201 LLC, manager Karin Kramer of 185 Devoshire St. Ste. 201 LLC, On Point Acupuncture & Wellness Inc., Karin Kramer, Licensed acupuncturist, owner and officers of On Point Acupuncture & Wellness Inc.. On Point Acupuncture & Wellness Inc. and 185 Devonshire St. Ste. 201 LLC are entities registered with the state of Massachusetts. The plaintiff, Karin Kramer, owner of the property and business both insured seeks diversity of jurisdiction due to the claims relevant to the bodily injury and safety matters afforded to them as a crime victim.

The original date of loss the plaintiff is seeking all judments originates with loss date of 9/26/2015.  Karin Kramer, employee, manager and business owner suffered an assault and battery, theft and vandalism of the company auto.  The consequential losses due to the insurer's delay, negligence in providing the appropriate policy coverage of the duty to defend has led to numerous unforeseen accidental losses.


**First Cause of Action**:  Allow **Legal DEFENSE and pay attorney fees  or adjudication requested by insured to settle claim with the demands** requested from insurer.  WHEN A "Claim" is deemed made.   DEFAULT OR LETTER OF COLLECTIONS HAS been made against Insured for nonpayment of mortgage debt.  Third Party Action
DATE AUGUST 15, 2017 (**PRINT EMAIL) KARIN KRAMER alerted via email the claims handler of CNA insurer of the default status of the property insured 185 Devonshire St. Ste. 201 LLC also an "insured" of the contract.** CONTINUATION OF LOSS UNDER THE FORTUITY DOCTRINE
The insurer refused duty to defend coverage and to simply negotiate a settlement afforded to the insured and the third party making the claim for collections.

The insured is an employee of On Point Acupuncture & Inc..  The insured suffered a bodily injury and assault, theft of personal laptop containing financial documents and reportings such as A/R among other financial docs. claimed as loss in the course of work within the covered territory but off-premises.  Karin Kramer is a director and officer, licensed acupuncturist employed by the corporation, a manager of the 185 Devonshire St. Ste. 201 LLC properties insured and sole owner of the companies insured.  Kramer suffered bodily injury and theft.  The bodily injury impaired employee Karin Kramer as a Licensed acupuncturist and as the "insured" employee property manager of 185 Devonshire St. Ste. 201 LLC (insured) to produce income and manage newly acquired property and current

offices. Initial loss is related to the theft and bodily injury as an insured employee and insured manager, even an insured sole owner or executive of the businesses. This was provided as support to the insurer denial for coverage as a business owner, employee that is coverd under the bodily injury of workers compensation. The property manager, Karin Kramer of the insured property 185 Devonshire St. Ste. 201 LLC is not required to be covered under a workers compensation policy so therefore, coverage should be afforded for the manager as an insured employee. This has been appealed with the insurer and still is denied which is the factor that denying the request for duty to defend under the employee bodily injury.  The property loans are now in a default state and the insuerer will not recognize the manager employee Karin Kramer that suffered the bodily injury claim and laptop theft along with valuable records such as lease etc. stolen with bag.  A collections default judgment was presented to the insurer and an attorney demand letter for payment due to 185 Devonshire St. Ste. LLC non- payment.   **See Exhibit A, B, C, D**

1.   **When a "Claim" is Deemed Made   A "claim" shall be deemed made:**

> **In the case of a civil, criminal, administrative or regulatory proceeding or arbitration, on the earliest of the date of service upon or other receipt by the insured of a complaint, indictment, notice of charge or similar document against the insured in such proceeding or arbitration;**

> **In the case of an investigation, on the earliest of the date of service upon or other receipt by the insured of a written notice or subpoena from the investigating authority identifying such "insured person" as an individual against whom a formal proceeding may be commenced;**

> **In the case of a written demand for monetary damages or non-monetary relief, upon the insured's receipt of such written demand.**

> Refer to SBA default letter which is an association with the Dept. of Treasury so this would constitute a federal court matter.

> **Refer to email alerting claims handler of default**

2.  **Take such steps, as we deem appropriate, to avoid a default in, or continue the defense of, such "claims" until such transfer is completed, provided you are cooperating in completing such transfer.  Exihibit E &F- Policy**

3.  **Named Payees  Exhibit G & H**

4.  **Exhibits I, J K Continued policy language and suit related to mortgagee**

**Case Law:  Amato v. Mercury Casualty Co., 51 Cal. App. 4th 1, 58 Cal. Rptr. 2d 784 (1996)**
Insurer breached its duty to defend the insured when there was a potential liability under the policy.  The insured suffered a default judgment because he was financially unable to defend.  The insurer is responsible for default judgment, which was a proximate result of its wrongful refusal to defend.

**Arenson v. National Auto & Casualty Ins. Co., 48 Cal. 2d 528, 310 P. 2d 961 (1957)**  The insurer's right to control the defense was waived.

**Tibbs v. Great Am. Ins. Co., 755 F. 2d 1370 (9th Cir. 1985)**
A judgment awarding compensatory and punitive damages was upheld in favor of an insured in cause of action for bad faith arising from the insurer's wrongful failure to defend, when the insurer did not investigate its duty to defend and in addition failed to seriously consider opinions of its own staff to the effect it had a duty to defend plaintiff.

Please refer to SBA loan default documents requesting payment.
Please refer to Demand letter for payment by law firm representing Eastern Bank

**Second Cause of Action: for declaratory relief as erroneous breach of contract and back faith as a "duty to defend" request for legal counsel afforded according to contract and to pay attorney fees.**

Please see the demand letter of alleged claims made seeking damages against insured by Ashley Ledford.  Employment Liability Claim.  **Exhibit L, L1, L2**

**Exhibit M1, M2** Policy language where coverage is afforded under EPL or Business owner Liability "duty to defend" claims made.

Ashley Ledford alleges damages and claims against On Point Acupuncture & Wellness as follows, fiduciary practices, negligent hiring and patient safety

violations.  **FEDERAL matter of concern evidence to provide that employee was in violation of contract and privacy regarding clients.**

**Exhibit N** Associate contract provided and confidentiality.

**Exhibit O** Employee Termination form

**Exhibit P** Please refer to evidence of client list taken in confidentiality violation of contract.  Client lists are intellectual property.  Refer to case law below.

**Exhibit Q** Denials from insurer requesting coverage for duty to defend.

New York Supreme Court held that patient lists to be trade secrets and Intellectual Property.

**Damf v. Bloom, 127 A.D. 2d 719 (NY 1987),** court affirmed an injunction prohibiting a computerized list of patients by former employee by plaintiff.

Ashley Ledford associate contract, defined as part-time on cover letter

**Please refer to associate contract.  Please see the federal matter concerns regarding client list taken, violation of contract covenant and a client list as intellectual property.**

The claims made would trigger the coverage as follows:

## EMPLOYMENT PRACTICES LIABILITY COVERAGE FORM

5. **A "claim" arising out of a "wrongful employment practice" is first made against an insured, during the "policy period" or Extended Reporting Period, if applicable and is reported to us in accordance with Section VIII, Conditions, paragraph C, Duties in the event of a "Claim"; and**

6. **Defense**
7. We have the right and duty to defend all "suits," even if the allegations are groundless ,false or fraudulent. We shall have the right to appoint counsel and to make such investigation and defense of a "suit" as we deem necessary. Alternatively we may, at our option, give our written consent to the defense of any such "suit" to the insured. Our obligation to defend any "suit" or pay any "damages" and "defense expenses" for any "claim" shall be completely fulfilled and extinguished if the limit of insurance has been exhausted by payment of "damages" or "defense expenses."

8. **SECTION IV– EXTENDED REPORTING PERIOD**
9. **A.** If the first Named Insured cancels or non-renews this Coverage Form or if we decide not to offer any renewal terms for this Coverage Form, the first Named Insured shall have the right to purchase, upon payment of an additional premium not to exceed 75% of the annual premium for this coverage, an extension of this Coverage Form for a period of 12 months immediately following the end of the "policy period," but only with respect to any "wrongful employment practice" committed before the earlier of the end of the "policy period";
10. This period shall be referred to as the Extended Reporting Period.
11. **B.** As a condition precedent to the right to purchase the Extended Reporting Period, the total premium for this Coverage Form must have been paid. The right to purchase the Extended Reporting Period shall end unless we receive written notice and full payment of the premium for such period within 30 days after the end of the "policy period."
12. **C.** If the Extended Reporting Period is purchased, the entire premium shall be deemed fully earned at its commencement without any obligation by us to return any portion thereof.
13. **D.** There is no separate or additional limit of insurance for the Extended Reporting Period.
14. **E.** Upon termination of coverage, a 90 day automatic extended reporting period will be provided.

Denial provided by insured states there is no coverage because the claim was reported out of the extended reporting time period.  The insurer canceled the coverage.  There was no option to add coverage for an extended reporting coverage by the insured.  Additionally, claim alleged is made in the coverage contract time period, an insurer has a duty to defend all claims whether reported out to the time period. Contract statute of limitations applies to the state of the contract or the state where the business performs services.

**Case Law:  McKimm v. Westfield Nat.'l Ins. Co., 2002 Ohio 2529, 2002 Ohio App. LEXIS 2575 (2002)** the trial court erred in granting a summary judgment for the insurer as bad faith claim of denial of defense.  The court held that if the insured provided adequate notice to the insurer—a matter of dispute – the insurer owed a defense.  When insurer's duty to defend has allegations stated as claims that may be potentially arguable or had potential of coverage, the insurer was required to accept the defense of the claim.

**Truck Ins. Exch. V. Prairie Framing, 162 S.W. 3d 64 (Mo. Ct. App. 2005)**
Insurer has duty to defend an employer on negligent hiring claim.

**Or other coverage that would allow for duty to defend under as the following:**

**Fiduciary Liability**

15. **Which fall under the The "wrongful act" takes place in the "coverage territory";**

**Therefore, Defense according to the contract language states as follows:**

We have the right and duty to defend all "suits," even if the allegations are groundless, false or fraudulent. We shall have the right to appoint counsel and to make such investigation and defense of a "suit" as we deem necessary. Alternatively we may, at our option, give our written consent to the defense of any such "suit" to the insured. Our obligation to defend any "suit" or pay any "damages" and "defense expenses" for any "claim" shall be completely fulfilled and extinguished if the limit of insurance has been exhausted by payment of "damages" or "defense expenses."

**Third Cause of Action:  for declaratory relief as erroneous breach of contract and back faith as a "duty to defend" requesting consent to legal counsel of my choosing and to pay expense of attorney fees  covered under Business Liability Coverage related to Personal and Advertising Injury.   The following allegations assumed in a demand letter provided on February 5th, 2016 by Acupunkture and Crystal Meyers claims against insured as follows: hacking email accounts, misappropriation of name, tortious interference with contracts by stealing identitiy, identity theft and invasion of privacy and wrongful acts as fiduciary.  The allegations are federal claims which would be appropriate within the federal courts.**

Please see attached demand letter from Mann Law Firm representing Crystal Meyers and Acupunkture.    **EXHIBIT R**
Please see the attached policy contract specific to the coverage.   **EXHIBIT S1, S2, S3**
Please see the attached emails denying insured's request for the duty to defend **EXHIBIT T**

**<u>Please refer to case law relevant to claims made which would constitute federal jurisdiction.</u>**

**The policy defines as follows:**
**Business Liability (Personal and Advertising Injury)**

We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury," to which this insurance does not apply. We may at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.

**(2)** To "personal and advertising injury"   caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.


If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit," we will defend that indemnitee if all of the following conditions are met:

**(a)** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

**(b)** This insurance applies to such liability assumed by the insured;

**(c)** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

**(d)** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee:

**(e)** The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

**(f)** The indemnitee:  **(i)** Agrees in writing to:

**i.** Cooperate with us in the investigation, settlement or defense of the "suit";

**ii.** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

**iii.** Notify any other insurer whose coverage is available to the indemnitee; and

**iv.** Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

Failure to provide the coverage allowed or acknowledge any type of coverage afforded to the insured, the insurer has waived its rights.

The same cause of action would also be triggered by the coverage as follows:

**FIDUCIARY LIABILITY COVERAGE:**

**Crystal Meyers had**

16.   **Which fall under the The "wrongful act" takes place in the "coverage territory";**

**Therefore, Defense according to the contract language states as follows:**

We have the right and duty to defend all "suits," even if the allegations are groundless, false or fraudulent. We shall have the right to appoint counsel and to make such investigation and defense of a "suit" as we deem necessary. Alternatively we may, at our option, give our written consent to the defense of any such "suit" to the insured. Our obligation to defend any "suit" or pay any "damages" and "defense expenses" for any "claim" shall be completely fulfilled and extinguished if the limit of insurance has been exhausted by payment of "damages" or "defense expenses."

Insurer has neglected to provide such investigation.   (page 109, 138)

**Please see the attached policy contract, coverage afforded.**

**Case law:  State Farm Fire & Casualty Co. v. Eddy, 218 Cal. App. 3d 958, 267 Cal. Rptr. 379 (1990).** An insurer has a duty to defend a complaint alleging intentional tort and negligence.

**Hameid v. Nat.'l Fire Ins. Of Hartford, 31 Cal. 4th 16, 1 Cal Rptr. 3d 401, 71 P. 3d 761 (2003)** The insurer was entitled to summary judgment in bad faith breach of contract action filed by insured, after the insurer refused to defend the insured under the "advertising injury" as used in the CGL policy.  It was two former employees of the competitor who used their list of customers for direct

solicitation of the customers to the employees' new location with the insured.
Such one-to-one solicitations did not give rise to the insurer's duty to defend the
underlying lawsuit.

**Fourth Cause of Action:  Request for legal counsel of my choosing to
investigate and attorney fees to be paid.  ID Theft related to theft of private
computer and items, personal items stolen and ID theft alerts** made to my
attention after crime victim act occurred.  **This is a federal crime and would be
appropriate to heard in federal court.**  Request for Experts to Investigate
whether "Terrorism" related local or foreign-political etc.  The concerns are related
with the ID theft and a threat of my company being filed in a foreign country
according to IRS flag and failure to file.
Policy language as follows provides a "  " before providing and has neglected to
provide all appropriate coverages.  Please refer to police report indicating items
stolen, refer to IRS document and emails supporting ID theft of tax id individual.
The individual Karin Kramer is an insured under the policy as a Lic.
Acupuncturist, sole business owner of On Point Acupuncture & Wellness Inc. and
sole business owner and manager of 185 Devonshire St. Ste. 201 LLC.
The employee insured as a manager of 185 Devonshire St. Ste. 201 LLC (insured)
and employee Licensed acupuncturist or a insured as a shareholder of the
corporation would allow either under the manager or shareholder for coverage if
the policy language for coverage is ambiguous.  In defense to the policy language
of the requirement to meet the 3 requirements then investigative support or legal
would be provided.  The identity theft reported by the insured was "reported as
soon as practicable".

Please refer to police report indicating theft of computer.  **Exhibit U  EXHIBIT V
POLICE REPORT**
Please see attached emails with CNA with denials to provide coverage and the
denials as to the insured's requests to select their own counsel to investigate the ID
theft matters.
**EXHIBIT X**
The insurer has waived their right by failing to provide coverage according to the
contract. Please see the coverage allowed to insured.

Policy  **Exhibit W**
**IDENTITY RECOVERY COVERAGE**

**IDENTITY RECOVERY COVERAGE**

The following is added to **Paragraph 5. Additional Coverages:**

We will provide the Case Management Service and Expense Reimbursement Coverage indicated below if all of the following requirements are met:

17. **There has been an "identity theft" involving the personal identity of an "identity recovery insured" under this policy; and**

18. **Such "identity theft" is first discovered by the "identity recovery insured" during the policy period for which this Identity Recovery coverage is applicable; and**

19. **Such "identity theft" is reported to us as soon as practicable but in no event later than 60 days after it is first discovered by the "identity recovery insured."**

If all three of the requirements listed above have been met, then we will provide the following to the "identity recovery insured":

1. **Case Management Service Services of an "identity recovery case manager" as needed to respond to the "identity theft"; and**

2. **Expense Reimbursement Reimbursement of necessary and reasonable "identity recovery expenses" incurred as a direct result of the "identity theft."**

This coverage is additional insurance.

20. **There has been an "identity theft" involving the personal identity of an "identity recovery insured" under this policy; and**

21. Legal costs as provided under paragraph d. of the definition of "identity recovery expenses" are part of, and not in addition to the Expense Reimbursement coverage limit

22. **"Identity Recovery Insured"** means the following:

23. **a.** The owner of the entity insured under this policy who meets any of the following criteria:

24. **(1)** A sole proprietor of the insured entity;

25. **(2)** A partner in the insured entity; or

26. **(3)** An individual having an ownership position of 20% or more of the insured entity.

The documentation had been provided as proof to rightful legal ownership of the businesses and tax records to prove ownership of the company as the insured entity associated with sole owner named Karin Kramer. This is appropriate proof for the requirements required by contract. **Please refer to email communicating this.**

27. **Legal Costs   Fees and expenses for an attorney approved by us for:   (1) Defending any civil suit brought against an "identity recovery insured" by a creditor or collection agency or entity acting on behalf of a creditor for non- payment of goods or services or default on a loan as a result of an "identity theft";**

Insurer has provided default collection documents to insurer and insurer has neglected any response as how the insurer is to proceed or the insurer's duty to provide coverage appropriate to mitigate continued liability and potential costs that are a result of an identity theft as well as computer theft.

The insurer waived their rights when they refused any coverage to protect the insured.

The insured has made multiple requests to select their own coverage to investigate the matter before the threat of financial instability due .

<u>18 U.S.C. 1028</u>,  Fraud and related activity in connection with identification documents, authentication features and information
Personal Voter Id registration was removed from the system in MA, 9/8/2016
<u>18 U.S.C. 1028A</u>  Aggravated identity theft,
<u>section 2332b(g)(5)(B),</u> anyone without lawful authority uses or possesses a means of identification of another person or false identification document (filing fraudulent income taxes or filing a business as a foreign entity with the IRS, claim made with insurer)

**Case Law:  Marathon Ashland Pipe Line LLC v. Maryland Cas. Co. 243 F 3d 1232 (10th Cir. 2001) Wyoming law.**
A liability insurer could be found liable for bad faith resulting from four-month delay in offering a defense to the additional insured.  The insured raised a triable issue on whether the insurer "recklessly ignored or disregarded" its requests for a defense in which event the carrier's duty to defend would not be fairly debatable.

**Alaska Pac. Assurance Co. v. Collins, 794 P. 2d 936 (Alaska 1990)**
Whether the insurer violated the duty to defend depends on whether it made
reasonable efforts to discover the operative facts of the third party complaint, and
on the substance of facts discovered.
**Colonial Oil Indus. v. Underwriters Subscribing to Policy Nos. TO31504670 &
T031504671, 268 Ga. 561, 491 S.E. 2d 337 (1997)**
When the complaint on its face shows no coverage, but the insured notifies the
insurer of factual contentions that would place the claim within the policy
coverage, the requirement that an insurer base its decision on true facts will
necessitate that the insurer conduct a reasonable investigation into its insured's
contentions.
Bituminous Casualty Corp. v. Fulkerson, 156 Ill. Dec. 669, 571 N.E. 2d 256 (Ct.
App. 1991) if the conduct alleged in the underlying action is potentially within the
policy's coverage, the insurer is duty-bound to defend its insured even if the
insurer discovers allegations are groundless, false or fraudulent.

**Fifth Cause of Action**: **CNA insurance co. Denial of coverage, Violation of
Unfair and Discriminatory practices to an "insured" as an individual of a
victim of abuse via bodily injury and ID theft  defined by (Federal statute)
This abuse includes negligent and failure of procedure to investigate the
bodily injury claim made by insured. Relief sought to provide coverage as an
"insured" for losses claimed.  My request would be to acknowledge the bodily
injury to provide coverage for other claims relevant to the bodily injury to
properly investigate.**
CNA insurance co. has denied the benefits allowed to the "insured", Karin Kramer
to provide "bodily injury" coverage as an employee in the course of employment.
The insurer has acknowledged to pay the laptop "theft" claimed.    Medical bills
have been provided but nonpayment.  The "reasonable expectations" should
protect the policyholder according to the language of the contract.  The bodily
injury has exaserbated the prior musculoskeletal injuries, Total and Permanent
Disability as a Licensed Acupuncturist.
**REFER TO EXHIBIT V POLICE REPORT**

**The policy defines as follows**:

**Sixth Cause of Action:  Legal DEFENSE and attorney fees paid for or
adjudication requested by insured to settle claim with the demands** requested
from the Victim's Compensation Fund ad an employee Karin Kramer, Manager of

insured 185 Devonshire St. Ste. 201 LLC suffered assault and battery.  Worker's compensation does not apply, 185 Devonshire St. Ste. 201 LLC did not provide a coverage for employee.  **See Exhibit P** THIRD PARTY ACTION. WHEN A "Claim" is deemed made.   DEFAULT OR LETTER OF COLLECTIONS for medical bills has been made against Insured for nonpayment when the crime victims fund is not paying the claims for medical services. **Civil action against the state of Massachusetts, violation of Civil Rights Act 1968 codified in federal law at 18 U.S.C.  245** federally protected activities. Failure to investigate a criminal act of abuse, failure to provide Right to Be Informed, Failure Right to Protection, Failure to apply compensation for medical bills provided to MA Victims Compensation fund.   **18 U. S. C. 249 "Hate Crimes Acts"**

**MGL c 22C s32** defines Hate Crime.

MGL c 265 s. 39 discusses Assault and Battery for Purposes of Intimidation Violation of

**Unborn Victims of Violence Act of 2004 (Public Law 108-212)**

 **Title 18, Section 1841 of the U.S.C.,** Protection of Unborn Child

**This Act may be cited as the "Unborn Victims of Violence Act of 2004" or "Laci and Conner's Law".**

**SEC. 2. PROTECTION OF UNBORN CHILDREN.**

**(a) IN GENERAL.—Title 18, United States Code, is amended by inserting after chapter 90 the following:**

**"CHAPTER 90A—PROTECTION OF UNBORN CHILDREN**

**"Sec.**
**"1841. Protection of unborn children.**

PLAINTIFF MISCARRIED 1 WEEK AFTER THE ASSAULT AND BATTERY. THERE HAS BEEN NO INVESTIGATION PROVIDED, NO COMMUNICATION FROM THE PROSCECUTING ATTORNEY, BOSTON PD OR FBI AS TO THE STATUS OF THE INVESTIGATION.  I FILED A PUBLIC RECORDS REQUEST, **(SEE EXHIBIT R)**THIS IS HAS BEEN DISMISSED WITH NO INFORMATION PROVIDED.  I HAVE ATTEMPTED TO SEEK COUNSEL IN MA AND 9 TO 10 ATTORNEYS HAVE REFUSED TO TAKE THE CASE WITHOUT EXPLANATION.

EXHIBIT Q DOCUMENTS TO SUPPORT OWNER OF THE BUSINESS ON POINT ACUPUNCTURE & WELLNESS, MANAGER OR 185 DEVONSHIRE ST. STE 201. ALL ARE INSURED. THE MANAGER OF 185 DEVONSHIRE IS WHAT I AM CLAIMING BODILY INJURY IN ORDER TO GET A DUTY TO DEFEND UNDER BODILY INJURY TO MITIGATE THE DEFAULT AND TO NOT HAVE TO GO BEFORE THE US TREASURY. THIS IS WHAT I HAVE BEEN ACTING THE INSURERS TO DEFEND.


**Pa. Cons. Stat. Ann. Tit. 18 2601 et. seq** define crimes again and unborn child, including aggravated assault. **Sect. 3203** to mean an individual organism of the Homo sapiens until live birth.
**2011 N.C. Sess. Laws, Chap. 60 (HB 215)** defines assault inflicting serious injury of an unborn child. "unborn child" is defined as a member of the species of Homo sapiens at any stage of development.
**S.C. Code Ann 16-3-1083** provides that a person who commits a violent crime that causes the death or injury to a child in utero is a separate offense and that the person must be punished as if the death or injury occurred to the unborn child's mother.
**State vs. Ard, 505 S.E. 2d328 (S.C. 1998)**


If a four-count allegation is made arising from common facts is filed against the insured and only one of the four counts is covered by the insurance policy "duty to defend" typically the insurance company has to defend the entire complaint, including non-insured claims. See **Aetna Cas.& Sur.Co. v. Cont'l Cas.Co. 413 Mass. 730,732 n.1 (1992); Northern Sec.Ins.Co., Inc. v. R.H. Realty Trust, 78 Mass.App.Ct.691, (2011).**

**Bonner v. Automobile Club Inter-insurance Exch., 899 S.W. d 925 (Mo. Ct. App. 1995).**

**Landi v. Century Indemnity Co., 390 S.W. 2d 558 (Mo. Ct. App. 1965).**

**Crist v. Insurance Co. of North America, 529 F. Supp.601, 603-04(D. Utah 1982), Aetna Cas. & Sur. Co. v. Chicago Ins. Co., 782 F. Supp. 71, 73 (N.D. Ill. 1991), judgment aff'd, 994 F. 2d 1254 (7th Cir.1993);**

**Fireman's Fund Ins. Co. v. Ex-Cell-O Corp., 790 F. Supp. 1318, 1326. (E.D. Mich 1992)**

**Clemente v. Home Ins.Co., 791 F. Supp 118 (E.D. Pa. 1992.**

The insured requested the insurer relinquish the reservation of rights and allow insured to designate own counsel numerous times. Insured provided complete denial each time. **Three Sons, Inc. v. The Phoenix Ins.Co., 357 Mass. 271, 276, (1970); Maoun v. Liberty Mut. Ins.Co.,346 Mass. 677, 684(1964).**

A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff may ascertain summary judgment on its first cause of action for declaratory relief as to the duty to defend, its second cause of action for declaratory relief as to the duty to indemnify, and its third cause of action that the insurer has waived its rights due to breach of contract in bad faith

The denying coverage allowed to the insurer has left the insured with no possible defense with the various claims made and it puts the insured in a position of risk when it involves their property which is possibly a separate violation under a crimes victims law which I leave up to you for summary judgment.

I have exhausted all administrative remedies, as you will see the exhibit attachments.

Wherefore, plaintiff Karin Kramer, On Point Acupuncture & Wellness, 185 Devonshire St. Ste. 201LLC, pray duty to defend, duty to indemnify, insurer's waiver right to intervene and future monetary requests to heard by plaintiff and plaintiff's attorneys summary judgments against defendant, Nat'l Fire Ins Co of Hartford located at 333 S. WABASH  CHICAGO, IL. 60604.

For a declaration such other and further and future relief requested as the court deems proper and allowed as future requests by plaintiff's counsel if afforded.

May 31, 2018

May 31, 2018

May 31, 2018

Karin Kramer, Lic.Ac.
Shareholder

Karin Kramer, President
On Point Acupuncture & Wellness

Karin Kramer, Manager
185 Devonshire St. Ste. 201 LLC

Dated                                        Signature

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Karin Kramer | *OnPoint Acupuncture* |
|---|---|
| Karin Kramer | *+wellness Inc. LLC* |
| *185 Devonshire St. Ste 201* | Plaintiff(s), |

-against-

Nat'l Fire Ins Co of Hartford 333 S. WABAS

Defendant(s).

Docket No: _____CV_____ (     )(     )

NOTICE OF PRO SE APPEARANCE

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

☑ that all future correspondence be mailed to me at the address below, or

☑ that all future correspondence be e-mailed to me at the e-mail address below. I have
completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court
and all parties.

Kramer, Karin                                          ☑ Plaintiff
                                                       ☐ Defendant

Name (Last, First, MI)

1822 Crescent Dr.     Tarrytown          NY             10591

Address               City               State          Zip Code

6462623544                               kkramer@onpointacupuncturewellness.com

Telephone Number                         e-mail address

May 31, 2018                             *[signature]*

Date                                     Signature